**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN J. PODKULSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-11870 |
| | ) | |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| | ) | |
| WARDEN, STATEVILLE | ) | |
| CORRECTIONAL CENTER, et al., | ) | Jury Trial Demanded |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>SECOND AMENDED COMPLAINT</u>**

Plaintiff STEVEN J. PODKULSKI ("Plaintiff"), by and through his court-appointed attorney, Donald J. Moran, and the law firm of Pedersen & Houpt, P.C., and for his Second Amended Complaint, states as follows:

**NATURE AND STATUTORY BASIS OF ACTION**

This is an action for deprivation and violation of Plaintiff's constitutional rights under the Civil Rights Act, 42 U.S.C. § 1983.

**PARTIES**

1.      Plaintiff, Steven J. Podkulski is, and was, at all times relevant to the allegations in this Second Amended Complaint, a United States citizen. Between 2009 and 2014, Plaintiff was incarcerated at Stateville Correctional Center ("Stateville"), located at 16830 S. Broadway St., Joliet, IL 60434. At the time of filing this Complaint, Plaintiff is an inmate in Cook County Jail located at 2700 South California Ave., Chicago, IL 60608. Plaintiff's identification number is 20141023035.

2.     Defendant Tarry Williams was the warden of Stateville, and at all times relevant to the matters complained of herein was acting in that capacity and under color of state law. Defendant Williams is being sued in his individual capacity only.

3.     Defendant Saleh Obaisi was the Medical Director at Stateville Correctional Center at the time of the actions which form the basis of this Complaint.  Defendant Obaisi is being sued in his individual capacity only.

4.     Defendant S.A. Godinez was the Director of Illinois Department of Corrections ("IDOC") at the time of the actions and omissions which form the basis of this Complaint, and at all times relevant to the matters complained of herein was acting in that capacity. Defendant Godinez is being sued in his individual capacity only.

5.     Defendant, Jane Doe Mental Health Worker ("Doe Mental Health Worker") was, at all times relevant to the allegations in this Second Amended Complaint, a mental health care worker employed at Stateville and by the IDOC.  Mental Health Doe has personal first-hand knowledge of the allegations of this Second Amended Complaint.  Defendant Mental Health Doe is sued in her individual capacity only.

6.     Defendant, Jane Doe Nurse ("Nurse Doe") was, at all times relevant to the allegations in this Second Amended Complaint, a nurse employed at Stateville and by the IDOC. Nurse Doe has personal first-hand knowledge of the allegations of this Second Amended Complaint.  Defendant Nurse Doe is sued in her individual capacity only.

## JURISDICTION AND VENUE

7.     This Court has federal question jurisdiction over the subject matter of this Second Amended Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a).

**8.** Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because at least one Defendant resides in this District and all of the events giving rise to Plaintiff's claims occurred in this District.

## FACTS

9. Mr. Podkulski was incarcerated at Stateville beginning in 2009. In 2014, he was scheduled for Mandatory Supervised Release.

### Mr. Podkulski's medical conditions

10. Mr. Podkulski is a diabetic who occasionally suffers seizures and often experiences depression. Mr. Podkulski is required to take insulin for his diabetes and Thorazine to treat his depression.

11. Mr. Podkulski has a twenty year history of seizures which cause him to blackout and experience uncontrolled urination. Mr. Podkulski takes Klonopin to treat his seizures.

12. Mr. Podkulski also takes medicine for hypertension, anxiety medication, and is often given diphenhydramine for its calming and sedative effects.

13. Mr. Podkulski's medical conditions were known to the staff and medical providers at Stateville.

14. Mr. Podkulski had been treated for his medical conditions during his incarceration at Stateville.

### Mr. Podkulski's Release and Arrest

15. Mr. Podkulski was scheduled for Mandatory Supervised Release on October 22, 2014. He was presented with an agreement and disclosure regarding his release, which he refused to sign.

16.     Upon his refusal, the Orange Crush Tactical Unit was called to extract Mr. Podkulski from Stateville.

17.     The Orange Crush Tactical Unit hog tied Mr. Podkulski and forced him onto a property cart.

## Defendants' failure to respond to or assist Mr. Podkulski

18.     Mr. Podkulski became very anxious and agitated during this ordeal and expressed to Defendant Doe Mental Health Worker and Defendant Doe Nurse, in the presence of Defendant Williams, that he was suicidal.

19.     Defendant Doe Mental Health Worker told Mr. Podkulski that she was not going to do anything for him, did not provide him with any assistance, or heed his complaints of suicidal ideation.

20.     Mr. Podkulski also expressed concern that he was not being released with a supply of his current medications.

21.     Defendant Doe Nurse told Mr. Podkulski that she did care that he was not being released with the appropriate medications.  She failed to provide him with his needed medications.

## Mr. Podkulski's medical conditions worsen

22.     After being hog tied and wheeled out on an IDOC property cart, Mr. Podkulski was immediately taken into custody by the Bridgeport Police Department.

23.     Mr. Podkulski was taken to the Bridgeview Police Station ("Bridgeview") where he began feeling dizzy and experiencing seizure symptoms.

24.     An ambulance was called and Mr. Podkulski was taken to MacNeal Hospital, where again expressed his suicidal ideation.

25.    Mr. Podkulski was given two unknown medications and Gatorade for his dizziness and then discharged, returning to Bridgeview.

26.    Sometime during the night, Mr. Podkulski experienced a seizure, due to his lack of access to medications.

27.    Mr. Podkulski also experienced symptoms of low blood sugar, depression, and anxiety.

28.    Mr. Podkulski was without any of his necessary medications while in custody for approximately thirty-six hours at Bridgeview.

## COUNT I

## Claim Under 42 U.S.C. § 1983 for Violation of the Eighth Amendment

## (Deliberate Indifference to Serious Medical Needs)

29.    Mr. Podkulski re-alleges and incorporates by reference Paragraphs 1 through XX.

30.    Defendants intentionally or recklessly failed to provide Mr. Podkulski with adequate medical care, failing to give Mr. Podkulski the baseline level of care for his serious medical condition(s).

31.    Defendants' acts and omissions inflicted pain upon Mr. Podkulski and subjected him to an unreasonable danger of complications from untreated conditions.

32.    Defendants failed to provide Mr. Podkulski with reasonable medical attention and/or treatment, instead forcing him to suffer prolonged pain.

33.    Defendants, with reckless indifference, ignored Mr. Podkulski's repeated pleas for medical attention, and failed to investigate or respond to Mr. Podkulski's repeated complaints.

34.    Defendants' reckless disregard of Mr. Podkulski's serious medical needs, under color of state law and without justification, constituted deliberate indifference to an objectively

serious and subjectively known danger posing a substantial risk of serious harm to Mr. Podkulski, and amounted to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Steven Podkulski respectfully requests the following relief:

A. Compensatory damages to compensate Mr. Podkulski for the deprivation of his constitutional right to be free from cruel and unusual punishment, including but not limited to, the physical pain and emotional distress caused by such deprivation;

B. Punitive damages to sanction Defendants' deliberate indifference to Mr. Podkulski's physical safety and to deter Defendants and others from engaging in similarly unconstitutional conduct in the future;

C. A declaratory judgment that the acts and practices of Defendants violated Mr. Podkulski's constitutional rights;

D. An award of Mr. Podkulski's reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

E. Any other relief which this Court may deem just and proper in Mr. Podkulski's favor.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

Dated: February 14, 2018

Respectfully Submitted,

/s/ Donald J. Moran
Attorney for Plaintiff Steven Podkulski
by Court Appointment

Donald J. Moran
Pedersen & Houpt
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
Phone: (312) 261-2149
Fax: (312) 261-1265
dmoran@pedersenhoupt.com